UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KANDANCE A. WELLS                    CIVIL ACTION NO. 14-cv-2637

VERSUS                               JUDGE HICKS

RADIO GROUP                          MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Kandance A. Wells ("Plaintiff"), who is self-represented, filed this civil action against the Radio Group (a division of Access One Communications). Her one-page complaint alleges that Plaintiff is filing the suit "towards the company ... for malicious, slanderous broadcasting of my personal daily engagements in public and in my mother's private home." She alleges that radio disc jockeys with the company "make slanderous comments based on a prank that was pulled on me by local families in the Shreveport area." Disc jockey Ferrari Fox is accused of being "a friend to some of my local enemies, as is Cat Daddy, whose show airs at night." Plaintiff alleges that the disc jockeys are aware of her personal business and use the information for "malicious broadcasting schedules and commentary." She contends that comments about her and her child have aired regularly over the past three years.

Plaintiff is proceeding in forma pauperis. In pauper cases, the district court "shall dismiss the case at any time if the court determines that" the complaint is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it lacks an arguable basis in law or fact. Harper v. Showers, 174

F.3d 716, 718 (5th Cir. 1999). A complaint fails to state a claim on which relief may be granted if it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. V. Twombly, 127 S.Ct. 1955 (2007). The complaint must allege enough facts to move the claim "across the line from conceivable to plausible." Id. Determining whether the plausibility standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). A complaint is not sufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Id. (quoting Twombly, 127 S.Ct. at 1965).

To adequately plead a defamation claim under Louisiana law, a plaintiff must specifically allege that a defendant made a false and defamatory statement with malice. Maurer v. Town of Independence, 2014 WL 4425746, *13 (E.D. La. 2014). "An action for defamation in Louisiana requires the plaintiff to plead and prove: (1) defamatory words, (2) publication, (3) falsity, (4) malice, and (5) resulting injury." Hardy v. Hartford Ins. Co., 236 F.3d 287, 292 (5th Cir. 2001). General, conclusory allegations that a defendant made negative or defamatory comments are insufficient. Maurer, supra, citing Roebuck v. Dothan Sec., Inc., 515 Fed. Appx. 275, 280 (5th Cir. 2013) (dismissing conclusory allegation that defendants "in bad faith maligned, negligently misrepresented, defamed, defrauded and slandered plaintiff extremely and outrageously" because "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim).

Plaintiff has not alleged with specificity any particular statements made by any employee of The Radio Group that might be defamatory under Louisiana law. Her conclusory allegations of hurtful or slanderous comments, without specific facts in support, do not bring her claim from the speculative to the plausible category. The complaint simply does not state a claim on which relief may be granted.

This is not the first time the court has received a complaint by a person who alleges hearing personal communications directed to them over the radio. Research indicates that this is a common form of auditory hallucination that accompanies certain forms of mental illness. Plaintiff is encouraged to consult a mental health clinic about the matters raised in this lawsuit. It will likely be a physician, not a court, who is best equipped to stop the matters about which she complains.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed with prejudice** as frivolous under 28 U.S.C. § 1915(e).

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel

are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of February, 2015.

_____
Mark L. Hornsby
U.S. Magistrate Judge